STANARD, J.
I am of opinion that the decree of the court below, dissolving the injunction that had been awarded the appellants, and dismissing their bill, is right, and ought to be affirmed. To entitle the appellants to the relief they sought, it be-hoved them to shew an unexceptionable title, paramount to and overreaching the lien of the creditor whose execution they sought to intercept and defeat. Such title is not shewn. The conveyance of the 5th of May, standing alone, must, I think, be taken as voluntary and as to existing creditors. The alleged consideration of that deed is a parol agreement between husband and wife, that the wife should convey her dower interest in certain real estate of her husband, which he intended to devote to the payment of debts. Assuming that such parol agreement, precise and definite in its terms, was distinctly proved to have been made before the execution of the conveyance of the 5th of May, but sti'll remained wholly Unexecuted on the part of the wife at the time the lien of the creditor, by force of his judgment and execution levied, attached, the deed, as to such creditor, must be treated as voluntary and without valuable consideration. The agreement which is the ostensible consideration, in no wise bound the wife, and in respect to every legal obligation on her, or remedy on the part of the husband or his creditors, was a mere nullity. It is not questioned by me that the dower interest of the wife may constitute a valuable consideration that will support a postnuptial settlement, and that such settlement, made in consideration of the conveyance or surrender of such dower interest, may be supported against the claims of creditors. In such case, a consideration passes from the wife beyond recaí. In the case of a mere parol unexecuted contract between husband and wife, (if indeed such communications, imposing no obligation and giving no remedy, can be properly dignified by the name of contract) nothing passes from the wife, no obligation is incurred, and no remedy exists to compel her to convey any thing. Value cannot be predicated of that which imposes no obligation and gives no remedy. The deed of the 5th of May remained in the predicament of a voluntary one without valuable consideration, when the lien of the creditor, by his judgment, and execution thereon delivered to the sheriff, was consummated; and that Hen was in full force, and ought to have full effect, unless it be dislodged by the subsequent deed of the 17th of June. The only way in which that deed can operate that effect is by connecting it with the deed of the 5th of May; by considering it as supplying that valuable consideration, in the dower rights actually conveyed, of which the deed of the 5th of May was destitute, and by relation giving that deed effect from its date, as one for valuable consideration. This pretension ascribes to the wife, or rather to the husband and wife, (for she could not convey ^'without his concurrence,) the faculty, on their mere volition, to cancel and defeat the lien of the creditor. It would make one of the firmest liens that the creditor can acquire, effectual or nugatory at the irresponsible will of the debtor. To state such a pretension is to condemn it. The deed of the 17th of June, under the most favourable view, and giving it the utmost effect that a deed of that date can have, did not displace or overreach the lien of the creditor, and gave no just warrant to the court of equity to interfere by injunction to arrest the creditor in his course. On this insulated view of this case, and without expressing any opinion on several other objections, taken and very forcibly urged in the argument, to the interference of tne court of equity in this case (some of which would in all probability equally sustain the opinion I give), I am of opinion that the decree dissolving the injunction and dismissing the bill was right, and ought to be affirmed with costs.
Decree affirmed.